IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| **Richard Eggers,** individually and on behalf of a putative class of similarly situated individuals, | ) ) ) ) | **Case No.  4:15-cv-64** |
| Plaintiff, | ) ) | |
| v. | ) ) | **Defendant Peter DeLanoit's Answer and Defenses to Plaintiff's** |
| **Wells Fargo Bank, N.A., Paula Sullivan, and Tami Burnham, and Pete DeLanoit,** in their individual and corporate capacities | ) ) ) ) | **Amended Petition and Jury Demand** |
| Defendants. | ) ) | |

For his Answer and Defenses to Plaintiff's Amended Petition and Jury Demand

("*Amended Petition*"), and without moving or answering on behalf of any other defendant,

Defendant Peter DeLanoit ("*DeLanoit*" or "*Defendant*") denies each allegation, claim, and

thing set forth in the Amended Petition, except as expressly admitted, qualified, or explained

below.

**Introduction**

1.      To the extent paragraph 1 of the Amended Petition asserts conclusions of law,

no answer is necessary or made.  If paragraph 1 of the Amended Petition otherwise asserts

facts alleging unlawful conduct by DeLanoit, or to the extent further answer is required,

DeLanoit denies the allegations in paragraph 1 of the Amended Petition.  Defendant

affirmatively states paragraph 1 of the Amended Petition is improper insofar as it fails to

reference Plaintiff, any specific actions by or relating to DeLanoit, or Plaintiff's claims

against DeLanoit, and accordingly paragraph 1 of the Amended Petition should be

disregarded.

2.     To the extent paragraph 2 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  If paragraph 2 of the Amended Petition otherwise asserts facts alleging unlawful conduct by DeLanoit, or to the extent further answer is required, DeLanoit denies the allegations in paragraph 2 of the Amended Petition.  Defendant affirmatively states paragraph 2 of the Amended Petition is improper insofar as it fails to reference Plaintiff, any specific actions by or relating to DeLanoit, or Plaintiff's claims against DeLanoit, and accordingly paragraph 2 of the Amended Petition should be disregarded.

3.     To the extent paragraph 3 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, DeLanoit: (a) admits Plaintiff's lawsuit purports to make claims under the Iowa Civil Rights Act, Iowa Code Chapter 216 ("*ICRA*"); (b) denies any acts or omissions occurred that would give rise to Plaintiff's claim under the ICRA; (c) denies he violated the ICRA with respect to any matter asserted in the Amended Petition; and (d) denies any remaining fact allegations in paragraph 3 of the Amended Petition.

4.     To the extent paragraph 4 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, if any, DeLanoit: (a) admits Plaintiff's lawsuit purports to challenge violations of the ICRA; (b) denies that any acts or omissions occurred that would give rise to Plaintiff's claim under the ICRA; (c) denies he violated the ICRA with respect to the matters asserted in the Amended Petition; and (d) denies any remaining fact allegations in paragraph 4 of the Amended Petition.

5.     To the extent Paragraph 5 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or

made.  To the extent Paragraph 5 of the Amended Petition makes allegations about DeLanoit,

he denies those allegations.  DeLanoit affirmatively states that because Paragraph 5 of the

Amended Petition represents that Plaintiff's lawsuit "seeks to challenge Wells Fargo's

violations of the ICRA that took place in Iowa," the face of the Amended Petition

conclusively shows no claims are made against him.

6.      Upon present information and belief, DeLanoit admits the allegations in

paragraph 6 of the Amended Petition.

7.      In responding to paragraph 7 of the Amended Complaint, DeLanoit admits

Plaintiff purports to seek to "represent a putative class of older employees and applicants

who were negatively affected by Wells Fargo's use of non-job-related criminal history

screenings in Iowa."  DeLanoit denies any remaining fact allegations in paragraph 7 of the

Amended Petition.

8.      To the extent Paragraph 8 of the Amended Petition makes allegations about

the status of other Defendants, no answer from DeLanoit is necessary.  To the extent any

other answer is necessary, based on present information and belief, DeLanoit admits the

allegations in paragraph 8 of the Amended Petition.

9.      To the extent Paragraph 9 of the Amended Petition makes allegations about

the status of other Defendants, no answer from DeLanoit is necessary or made.  To the extent

Paragraph 9 of the Amended Petition makes allegations about DeLanoit, he denies those

allegations.

10.     To the extent Paragraph 10 of the Amended Petition makes allegations about

the status of other Defendants, no answer from DeLanoit is necessary or made.  To the extent

Paragraph 10 of the Amended Petition makes allegations about DeLanoit, he denies those

allegations.

11.     DeLanoit admits he resides in and is a citizen of Polk County, Iowa.

12.     DeLanoit denies the allegations in paragraph 12 of the Amended Petition.

13.     To the extent paragraph 13 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent further answer is required, DeLanoit admits Plaintiff's lawsuit purports to be a "putative class action" that seeks "declaratory and injunctive relief, monetary and compensatory damages, and other relief."  DeLanoit denies any remaining fact allegations in paragraph 13 of the Amended Petition.  DeLanoit affirmatively states that compensatory damages and other remedies Plaintiff seeks in this lawsuit are not authorized, permitted by, or available under the ICRA.

## Procedural Requirements

14.     Based on present information and belief, DeLanoit admits that prior to commencing this lawsuit, Plaintiff filed a charge of discrimination against Defendant Wells Fargo Bank, N.A. ("*Wells Fargo*") with the Iowa Civil Rights Commission ("*ICRC*").  DeLanoit affirmatively states that he was not personally named as a Respondent in Plaintiff's charge of discrimination and that at no time as a Respondent did he receive notice of or an opportunity to participate in the agency investigation and processing of Plaintiff's administrative complaint.  DeLanoit further affirmatively states that the time period in which Plaintiff could have pursued administrative remedies against him as a Respondent or named party has expired, making Plaintiff's claims time barred and subject to dismissal for failure to exhaust administrative remedies.

15.     Based on present information and belief, DeLanoit admits Plaintiff received a right-to-sue letter from the ICRC that was dated September 10, 2014.  DeLanoit denies any

remaining fact allegations in paragraph 15 of the Amended Petition.  DeLanoit affirmatively states the ICRC right to sue letter did not name him personally as a Respondent or authorize suit against him in any capacity.

**Facts**

16.     Upon present information and belief, DeLanoit admits the allegations in paragraph 16 of the Amended Petition.

17.     Upon present information and belief, DeLanoit admits the allegations in paragraph 17 of the Amended Petition.

18.     Upon present information and belief, DeLanoit admits the allegations in paragraph 18 of the Amended Petition.  DeLanoit affirmatively states he is advised that Plaintiff was convicted of a crime of dishonesty and such crime at the time of his discharge made him ineligible and not qualified under 12 U.S.C. § 1829 (*"Section 19"*) and the rules of the Federal Deposit Insurance Corporation (*"FDIC"*) to work for Wells Fargo or any other federally-insured depository institution.

19.     In responding to paragraph 19 of the Amended Complaint, based on present information and belief, DeLanoit admits that Plaintiff received a jail sentence for his crime of dishonesty, served time jail for that crime, and was released early from his sentence. DeLanoit denies any remaining fact allegations in paragraph 19 of the Amended Petition. DeLanoit affirmatively states he is advised that because of this conviction and incarceration, at the time of his discharge Section 19 made Plaintiff ineligible and not qualified under the rules of the FDIC to work for Wells Fargo or any other federally-insured depository institution.

20.     DeLanoit is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Petition, and therefore denies the same.

21.     Based on present information and belief, DeLanoit admits the allegations in paragraph 21 of the Amended Petition.

22.     DeLanoit admits the allegations in paragraph 22 of the Amended Petition to the extent they set forth some, but not all of the job duties of the position Plaintiff held. DeLanoit affirmatively states that as a Customer Service Representative, Plaintiff had access to sensitive and confidential customer account information.   DeLanoit further affirmatively states that as an employee of a federally-insured depository institution Plaintiff was required to be qualified under Section 19, which he was not.

23.     In responding to paragraph 23 of the Amended Complaint, based on present information and belief, DeLanoit admits he is advised that as part of the hiring process of Plaintiff, after receipt of an offer of employment Plaintiff would have been subject to a criminal conviction screening and the fact that Plaintiff's was hired indicates that the screening at that time did not produce information about his disqualifying conviction for a crime of dishonesty or breach of trust.  DeLanoit denies any remaining fact allegations in paragraph 23 of the Amended Petition.

24.     To the extent Paragraph 24 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 24 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

25.     To the extent Paragraph 25 of the Amended Petition makes allegations about

the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 25 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

26.     To the extent Paragraph 26 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 26 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

27.     To the extent Paragraph 27 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 27 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

28.     To the extent Paragraph 28 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 28 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

29.     To the extent Paragraph 29 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 29 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

30.     Based on present information and belief, DeLanoit admits the allegations in paragraph 30 of the Amended Petition.

31.     Based on present information and belief, DeLanoit admits the allegations in paragraph 31 of the Amended Petition.

32.     To the extent Paragraph 32 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 32 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

33.     To the extent Paragraph 33 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 33 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

34.     DeLanoit denies the allegations in paragraph 34 of the Amended Petition. DeLanoit affirmatively states he understands and is advised that Section 19 imposed legal requirements on Plaintiff and on Wells Fargo and based on application of federal law, and that Plaintiff was not qualified for employment at any FDIC-insured depository institution, including Wells Fargo, because of his criminal conviction history.

35.     To the extent paragraph 35 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  If paragraph 35 of the Amended Petition otherwise asserts facts alleging unlawful conduct by DeLanoit, or to the extent further answer is required, DeLanoit denies any remaining fact allegations in paragraph 35 of the Amended Petition.

36.     To the extent Paragraph 36 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 36 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.  DeLanoit affirmatively states that any letter from Wells Fargo to Plaintiff explaining why he was not qualified to remain in its employ due to

application of Section 19 would speak for itself.

37.   To the extent Paragraph 37 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made. To the extent Paragraph 37 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

38.   To the extent paragraph 38 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 38 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 38 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

39.   To the extent paragraph 39 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 39 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 39 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

40.   To the extent paragraph 40 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 40 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 40 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

41.   To the extent paragraph 41 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 41 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from

DeLanoit is necessary or made.  To the extent Paragraph 41 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

42.      DeLanoit denies the allegations in paragraph 42 of the Amended Petition.

43.      To the extent paragraph 43 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 43 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 43 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

44.      To the extent paragraph 44 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 44 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 44 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

**Count I**
**Violation of the ICRA**
**Disparate Impact Discrimination**

45.      DeLanoit re-alleges and by this reference fully incorporates all other paragraphs of this Answer and Defenses as though fully set forth here.

46.      To the extent paragraph 46 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 46 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 46 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

47.      To the extent paragraph 47 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  To the extent Paragraph 47 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 47 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

48.     To the extent paragraph 48 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 48 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 48 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

49.     To the extent paragraph 49 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 49 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 49 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

50.     To the extent paragraph 50 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 50 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 50 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

51.     To the extent paragraph 51 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 51 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 51 of the Amended Petition makes

allegations about DeLanoit, he denies those allegations.

52.     To the extent paragraph 52 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 52 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 52 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

53.     To the extent paragraph 53 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 53 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 53 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

54.     To the extent paragraph 54 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 54 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 54 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

55.     To the extent paragraph 55 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 55 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 55 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

56.     To the extent paragraph 56 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 56 of the Amended Petition

makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 56 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

57.     DeLanoit admits Plaintiff purports to seek to "represent a putative class of older applicants who were affected by Wells Fargo's use of criminal background screenings."  DeLanoit denies any remaining fact allegations in paragraph 57 of the Amended Petition.

58.     To the extent Paragraph 58 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 58 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

59.     To the extent paragraph 59 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  DeLanoit denies any remaining fact allegations in paragraph 59 of the Amended Petition.  DeLanoit affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or persons he seeks to represent under the ICRA.  DeLanoit further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief.

60.     DeLanoit denies any fact allegations in paragraph 60 of the Amended Petition.  DeLanoit affirmatively states that Plaintiff and the persons he seeks to represent in this case have not suffered any legally cognizable or recoverable damage and are not entitled to any damages or relief.  DeLanoit affirmatively states that Plaintiff lacks capacity and authority to make any stipulations binding on persons other than him prior to class certification, if any, in

this lawsuit.

61.    To the extent paragraph 61 of the Amended Petition asserts conclusions of

law, no answer is necessary or made.  DeLanoit denies any remaining fact allegations in

paragraph 61 of the Amended Petition.  DeLanoit affirmatively states Plaintiff seeks

remedies not authorized by statute, remedies to which he is not entitled and remedies not

correctly recoverable by this Plaintiff or other persons he seeks to or is certified to represent

in a class action under the ICRA.  DeLanoit further denies that Plaintiff or any persons whom

he seeks to represent are entitled to any relief, legal, equitable or otherwise.

WHEREFORE, Defendant Peter DeLanoit prays for judgment in his favor, for his costs

and expenses incurred herein, and for such other relief as this Court deems just and equitable.

### Count II
### Violation of the ICRA
### Disparate Treatment Discrimination

62.    DeLanoit re-alleges and by this reference fully incorporates all other

paragraphs  of his Answer and Defenses as though fully set forth here.

63.    To the extent Paragraph 63 of the Amended Petition makes allegations about

the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or

made.  To the extent Paragraph 63 of the Amended Petition makes allegations about

DeLanoit, he denies those allegations.

64.    To the extent Paragraph 64 of the Amended Petition makes allegations about

the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or

made.  To the extent Paragraph 64 of the Amended Petition makes allegations about

DeLanoit, he denies those allegations.

65.    To the extent Paragraph 65 of the Amended Petition makes allegations about

the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 65 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

66.     To the extent paragraph 66 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 66 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 66 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

67.     To the extent paragraph 67 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 67 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 67 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.   DeLanoit affirmatively states that because the ICRA applies to *all* persons 18 years of age or over, the allegations of disparate treatment of "older" workers is incapable of ascertainment or proof without implementation of an arbitrary definition of "older" not specified in or supportable by the ICRA or its administrative rules.

68.     To the extent paragraph 68 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 68 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 68 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.

69.     In responding to paragraph 69 of the Amended Complaint, DeLanoit admits

Plaintiff purports to seek to "represent a putative class of older workers affected by Wells Fargo's pattern-or-practice of allowing hiring supervisors to exercise discretion in their use of criminal background screenings in the hiring process."  DeLanoit denies any remaining fact allegations in paragraph 69 of the Amended Petition.

70.    To the extent paragraph 70 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  To the extent Paragraph 70 of the Amended Petition makes allegations about the conduct or knowledge of other Defendants, no answer from DeLanoit is necessary or made.  To the extent Paragraph 70 of the Amended Petition makes allegations about DeLanoit, he denies those allegations.  Upon present information and belief based upon a review of Wells Fargo records, DeLanoit states he is informed that during the time period of November 3, 2011, through January 12, 2015, more than 100 employees and applicants over age 18 were discharged from or declined employment by Wells Fargo in Iowa based upon the individualized criminal history information of those employees or applicants that demonstrated they were not qualified under federal law (12 U.S.C. § 1829) for employment by a federally-insured depository institution such as Wells Fargo.

71.    DeLanoit denies the allegations in paragraph 71 of the Amended Petition.

72.    To the extent paragraph 72 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  DeLanoit denies any remaining fact allegations in paragraph 72 of the Amended Petition.

73.    To the extent paragraph 73 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  DeLanoit denies any remaining fact allegations in paragraph 73 of the Amended Petition.

74.    DeLanoit denies any fact allegations in paragraph 74 of the Amended Petition.

DeLanoit affirmatively states that Plaintiff and the persons he seeks to represent in this case have not suffered any legally cognizable or recoverable damage and are not entitled to any damages or relief.  DeLanoit affirmatively states that Plaintiff lacks capacity and authority prior to make any stipulations binding on persons other than him prior to class certification of this lawsuit.

75.     To the extent paragraph 75 of the Amended Petition asserts conclusions of law, no answer is necessary or made.  DeLanoit denies any remaining fact allegations in paragraph 75 of the Amended Petition.  DeLanoit affirmatively states Plaintiff seeks remedies not authorized by statute, remedies to which he is not entitled and remedies not correctly recoverable by this Plaintiff or other persons he seeks to or is certified to represent in a class action under the ICRA.  DeLanoit further denies that Plaintiff or any persons whom he seeks to represent are entitled to any relief, legal, equitable or otherwise.

WHEREFORE, Defendant Peter DeLanoit prays for judgment in his favor, for his costs and expenses incurred herein, and for such other relief as this Court deems just and equitable.

## Jury Demand

DeLanoit admits Plaintiff requests trial by jury.  Whether Plaintiff is entitled to a jury trial is a legal question to which no response is required.  To the extent further answer is necessary, DeLanoit specifically objects to a jury determination of any equitable issues in this action and any issue, damage (such as front pay), or remedy for which a jury trial is not available by statute or law.

## Defenses

For his defenses to Plaintiff's Amended Petition, DeLanoit states and alleges as follows:

17

A.       DeLanoit re-alleges and by this reference fully incorporates paragraphs 1 through 75 of his Answer as though fully set forth here.

B.       Plaintiff's Amended Petition fails, in whole or in part, to state a claim against DeLanoit upon which relief can be granted.

C.       The claims raised in the Amended Complaint under the ICRA are pre-empted by federal law.

D.       The claims raised in the Amended Complaint under the ICRA against DeLanoit are barred by Plaintiff's failure to exhaust administrative remedies, including his failure to bring any agency claim naming DeLanoit as a Respondent.

E.       Plaintiff's claims are time barred by the applicable statute of limitations and/or jurisdictional requirements as to filing of an administrative charge and obtaining of an administrative release and right to sue letter.

F.       The ICRA bars maintenance of a lawsuit and imposition of damages against DeLanoit based on the conduct the Amended Petition asserts he engaged in or undertook.

G.       The Amended Petition fails to state a cognizable class under any applicable rule or law governing the maintenance of class actions.

H.       The ICRA, which protects all persons age 18 or over, does not permit maintenance of the age or class claims raised in the Amended Petition and the repeal of the disparate impact administrative rules relating to the claims made evidences that they are not cognizable or maintainable in this lawsuit.

I.       Plaintiff and each person he seeks to represent was not a qualified person who lawfully could work for or be employed at or by Wells Fargo at any time relevant to the allegations of the Amended Petition.

18

J.      Plaintiff did not lose his job at Wells Fargo because of his age and the potential members of the putative class Plaintiff purports to represent did not lose their jobs at or fail to be hired by Wells Fargo because of their age.

K.      There is a lack of commonality among the potential members of the putative class Plaintiff purports to represent, among other reasons because the particular facts relating to the individualized criminal history of each employee or applicant, the individualized review given these convictions as part of a Section 19 analysis, and whether the employee or applicant obtained consent from the FDIC prior to applying or beginning work dictates whether that person was qualified under federal law and regulations to work for a federally-insured depository institution.

L.      The potential members of the putative class Plaintiff purports to represent cannot proceed as a class because they are not similarly situated.

M.      Plaintiff lacks standing to raise claims on behalf of job applicants.

N.      Plaintiff and his counsel are not proper representatives of the putative class Plaintiff purports to represent.

O.      Plaintiff cannot show that age was a determining factor for any alleged adverse employment action and, in light of the application of Section 19, age was not a factor in any conduct by DeLanoit or in Wells Fargo's decision:  (a) to terminate Plaintiff's at-will employment; (b) to terminate the at-will employment of any person he purports to represent; or (c) not to hire any person he purports to represent.

P.      With respect to Plaintiff or any potential members of the putative class he purports to represent, DeLanoit acted in good faith, with proper motive, with reasonable grounds to believe he was not in violation of applicable law, and based upon an honestly-

held belief as to applicable facts and law.

Q.      DeLanoit acted in reliance on and conformity with Section 19 and federal law and guidance.

R.      Plaintiff's requested relief and asserted damages are preempted, limited, or restricted in whole or in part by statute and applicable law.

S.      To the extent Plaintiff or any potential members of the putative class he purports to represent failed to mitigate their damages, if any, they are barred from recovery of damages, or any award of damages to them must be proportionately diminished.

T.      Plaintiff and any potential members of the putative class he purports to represent were at-will employees whose employment could be terminated at any time with or without cause.

U.      DeLanoit would have made the same decisions and taken the same actions absent any alleged consideration of any impermissible, motivating factor.

V.      Plaintiff's claims for damages or other relief against DeLanoit are barred because they are beyond the scope of any administrative charge or the Iowa Civil Rights Commission investigation thereof, were not subject to administrative or investigation processes, and/or were not included in any investigation or Iowa Civil Rights Commission determination.

W.      Subject to a reasonable opportunity for discovery, the claims and damages asserted in Plaintiff's Amended Petition are barred, in whole or in part, by the after-acquired evidence doctrine.

X.      Plaintiff's equitable claims are barred by the doctrine of unclean hands.

Y.      Plaintiff's conduct and omissions, or those of any potential members of the

putative class Plaintiff purports to represent, caused their damages, if any.

Z.     Defendants relied on federal law and/or employed standards, criteria, and policies that were are job-related and consistent with business necessity.

AA.     No valid scientific evidence that the alleged damages, claims, or complaints of Plaintiff and the potential members of the putative class he purports to represent were caused by a facially-neutral employment policy or practice of Wells Fargo that adversely and disparately impacted qualified applicants or workers because of their age exists or meets the criteria for admission under the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Dukes v. Wal Mart, Inc.*, 564 U.S. 277 (2011), and Plaintiff's disparate impact claim therefore fails on the pleadings.

BB.     Plaintiff has not sufficiently alleged, nor can he establish that a specific act of DeLanoit or an employment practice of Wells Fargo has had a statistically adverse impact on, or resulted in discriminatory treatment of individuals of a certain age.

CC.     Insofar as any employment policy or procedure utilized by Wells Fargo has had a statistically adverse impact on, or resulted in discriminatory treatment of individuals of a certain age, if at all, such policies or practices nevertheless are lawful because they are based on reasonable factors other than age.

DD.     DeLanoit gives notice that he intends to rely upon any such other defenses as may become apparent or available during discovery proceedings in this case and reserves the right to amend his Answer to assert any such defenses.

WHEREFORE, Defendant Peter DeLanoit prays that Plaintiff takes nothing and that this Court (i) enter judgment in his favor and (ii) grant him such other relief as this Court deems just and equitable.

Dated:  February 27, 2015.　　　　　**FAEGRE BAKER DANIELS LLP**

　　　　　　　　　　　　　　　　/s/ Michael A. Giudicessi
　　　　　　　　　　　　　　　　Michael A. Giudicessi, *Lead Counsel*
　　　　　　　　　　　　　　　　 michael.giudicessi@faegrebd.com
　　　　　　　　　　　　　　　　Britt L. Teply
　　　　　　　　　　　　　　　　 britt.teply@faegrebd.com
　　　　　　　　　　　　　　　　801 Grand Avenue, 33rd Floor
　　　　　　　　　　　　　　　　Des Moines, Iowa 50309-8011
　　　　　　　　　　　　　　　　Telephone: (515) 248-9000
　　　　　　　　　　　　　　　　Facsimile: (515) 248-9010

　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT**
　　　　　　　　　　　　　　　　**PETER DELANOIT**

**Certificate of Service**

The undersigned hereby certifies that a true copy of the foregoing **Defendant Peter DeLanoit' s Answer and Defenses to Plaintiff's Amended Petition and Jury Demand** was served upon the Plaintiff through the Court's CM/ECF filing system on the 27th day of February, 2015.

/s/ Trisha Richey

Copies to:

Thomas A. Newkirk
 *tnewkirk@newkirklaw.com*
Leonard E. Bates
 *lbates@newkirklaw.com*

*Attorneys for Plaintiff*


Michael A. Giudicessi
 *michael.giudicessi@faegrebd.com*
Britt L. Teply
 *britt.teply@faegrebd.com*
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309-8011
Telephone: (515) 248-9000
Facsimile: (515) 248-9010

*Attorneys for Defendants*
*Wells Fargo Bank N.A., Paula Sullivan,*
*and Tami Burnham*

US.55815970.05